**SONG HUA LIAN, Petitioner,**

v.

**Alberto R. GONZALES, United States Attorney General, Respondent.**

No. 05–6271–ag.

United States Court of Appeals, Second Circuit.

Feb. 8, 2007.

Fengling Liu, Law Office of Fengling Liu, New York, NY, for Petitioner.

Bernard J. Delia, Assistant United States Attorney, for Jeffrey A. Taylor, United States Attorney of the District of Columbia (Madelyn E. Johnson, Assistant United States Attorney, of counsel), Washington, D.C., for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. ROSEMARY S. POOLER and Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Petitioner Song Hua Lian, a native and citizen of the People's Republic of China, seeks review of a November 10, 2005 order of the BIA affirming the August 26, 2004 decision of Immigration Judge ("IJ") Roxanne C. Hladylowycz, denying petitioner's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Song Hua Lien,* No. A77–998–379 (B.I.A. Nov. 10, 2005), *aff'g* No. A77–998–379 (Immig. Ct. N.Y. City Aug. 26, 2004).

When the BIA summarily affirms the decision of the IJ without issuing an opinion, this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 59 (2d Cir. 2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

In this case, substantial evidence supports the IJ's adverse credibility determination. As the IJ properly noted, Lian's testimony about when his girlfriend first discovered that she had become pregnant is inconsistent. Lian first testified that his girlfriend first learned that she was pregnant in July 2001, when "she went to her friend[']s private clinic for [an] exam." However, on cross-examination, Lian stated that his girlfriend learned that she was pregnant in August 2001, when "she went to get [a] check up."

The IJ did not err in finding Lian's testimony that "he and his girlfriend . . . ran to the roof of the home and then [he] abandoned his girlfriend on the roof and was able to jump off the roof and find safety at a neighbor's home and ultimately at a neighboring village" to be implausible. Although Lian's account of his escape may not be inherently unbelievable, a reasonable fact-finder would not be compelled to credit this testimony. 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d at 73 & n.7. Furthermore, the IJ properly noted that this account of Lian's escape was missing from both his asylum application and his girlfriend's letter. While "the circumstances surrounding the application process do not often lend themselves to a perfectly complete and comprehensive recitation of an applicant's claim to asylum or withholding," *Secaida–Rosales v. INS,* 331 F.3d 297, 308 (2d Cir.2003), it was reasonable for the IJ to expect that Lian's girlfriend would have mentioned Lian's dramatic escape in her letter. A reasonable fact-finder would not be compelled to credit Lian's explanation that "she didn't bring that up because she's too much in pain." *Majidi v. Gonzales,* 430 F.3d 77, 80 (2d Cir.2005). Substantial evidence, therefore, supports the IJ's finding that the absence of corroboration cast a negative inference on the Lian's testimony.

Additionally, the IJ properly relied on the significant inconsistencies between Lian's airport interview and the account of persecution he presented during his immigration hearing. While the immigration officer's question—"What is the purpose of your visit to the United States today?"—may not have been designed to elicit the details of Lian's asylum claim, Lian answered the question with specificity by stating, "I want to stay with the girl that I came with, I want to get married and stay here. She came with me and she is preg-

nant and they wanted to get me so we ran away." Because nothing in the record suggests that Lian was reluctant to reveal information to immigration officials, or that Lian did not understand English or the translations provided, the IJ properly relied on the transcript of the airport interview. The transcript and testimony were inconsistent on the central issues of whether Lian's girlfriend was in the United States or China at the time of his entry, and whether his girlfriend was pregnant at the time Lian entered. These inconsistencies provide substantial support for the IJ's adverse credibility determination.

Finally, the IJ properly relied on Lian's failure to corroborate his assertions that his parents had been detained with a letter from a his parents substantiating that portion of his claim. An applicant's failure to corroborate his testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question. See Zhou Yun Zhang, 386 F.3d at 78. There is nothing in the record to indicate that it would be unreasonable for the IJ to expect a statement from Lian's parents corroborating his assertion that they had been detained. Accordingly, the IJ's adverse credibility determination was also supported by Lian's failure to produce correspondence from his parents that would corroborate his testimony on this central issue.

Because the only evidence of a threat to Lian's life or freedom was his testimony, the adverse credibility determination pursuant to the asylum claim necessarily precludes success on Lian's claim for withholding of removal. See Wu Biao Chen v. INS, 344 F.3d 272, 275 (2d Cir.2003). Finally, Lian's CAT claim is unexhausted, as he failed to raise it before the BIA. See Theodoropoulos v. INS, 358 F.3d 162, 165–69, 174 (2d Cir.2004).

. Accordingly, Lian's petition for review is DENIED. Having completed our review, the pending motion for a stay of removal in this petition is DENIED.